tiff requested Diedrich to procure the title deeds of the property, and, having received them from him, proceeded to conclude negotiations with a probable lender, but the loan finally failed upon the 4½ per cent. basis, owing to some dissatisfaction with the title. Assuming that the refusal to make the loan was not arbitrary, and was caused by some question as to the title, the defendants' liability to the plaintiff for commissions would depend upon the latter's having procured a lender according to the terms of his employment; but these terms were that the loan should be 4 per cent., and were never changed by the defendants, or by any person having actual or ostensible authority to modify the agreement in their behalf. Diedrich was certainly not their general agent. According to the proof, he was their renting agent merely, and was held out to be nothing else. He had no power to make the original application for the loan, and the plaintiff, impressed with this fact, required a written application by the defendants. His actual agency was never extended, and, since the plaintiff had no personal dealings with the defendants in the matter during the interim, it is impossible to find any proof that this agent's ostensible authority was increased in such manner as to have justified the plaintiff's reliance upon his self-asserted right to modify the agreement which the defendants had made. Certainly, the assumed agent's own statements to the plaintiff did not operate to enlarge his powers, and his mere possession of the title deeds for delivery to the broker, who was acting under an existing contract to procure a loan, could not import an agency to change the contract itself.

We conclude that the recovery was not supported by the facts in evidence. and the judgment must therefore be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.

---

(34 Misc. Rep. 518.)

### LEVY v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term.    April 8, 1901.)

APPEAL—INTERLOCUTORY JUDGMENT.

 An appeal will not lie to the supreme court from a judgment of the general term of the city court of New York affirming an interlocutory judgment without directing a final judgment as required by Code Civ. Proc. § 3191, regulating appeals to the supreme court.

Appeal from city court of New York, general term.

Action by Jacob Levy against the Metropolitan Street-Railway Company. From a judgment of the general term of the city court of New York (68 N. Y. Supp. 944) affirming an interlocutory judgment sustaining a demurrer to certain defenses, defendant appeals. Dismissed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Harry Melville, for appellant.
Jacob Friedman, for respondent.

BISCHOFF, P. J.   An appeal from an interlocutory judgment lies to the general term (Code, § 3189), but not to the supreme court, from the determination of the general term upon that appeal, where final judgment is not directed.   Code, § 3191, subd. 1;   Monroe-Miller Co. v. Stokes, 9 Misc. Rep. 170, 29 N. Y. Supp. 718;   Fuller v. Tuska (Com. Pl.) 17 N. Y. Supp. 356.

Appeal dismissed, with costs.   All concur.